ROBERT W. PRATT, Judge
On the Court's own motion, the Court finds Defendant Logan Tucker eligible for a reduced sentence pursuant to Section 404 of the First Step Act of 2018. The U.S. Probation Office concurs. Defendant has filed a position statement supporting a sentence reduction. ECF No. 172. The Government agrees that Defendant is eligible but opposes immediate release.
Defendant pleaded guilty to conspiracy to distribute, and possession with intent to distribute, fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. ECF Nos. 35, 51. At sentencing, Defendant was found to be a career offender under section 4B1.1 of the United States Sentencing Guidelines (U.S.S.G). ECF No. 51. On June 29, 2001, the Court sentenced Defendant to 262 months in prison and a five-year term of supervised release. Id.
The First Step Act of 2018 was enacted on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. Section 404 of the Act provides that the court may, on its own motion, "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220, 124 Stat. 2372) were in effect at the time the covered offense was committed." Id. § 404(b); see also 18 U.S.C. § 3582(c)(1)(B). The Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." Id. § 404(a). Section 2 of the Fair Sentencing Act modified the statutory penalties for certain violations of the Controlled Substances Act, 21 U.S.C. 841(b), effectively reducing the penalty applicable to Defendant's offense of conviction. Pub. L. No. 111-220, 124 Stat. 2372 (2010).
At the time of his sentencing in 2001, Defendant faced a statutory sentencing range of ten years to life, triggered by fifty grams of cocaine base, and a mandatory five-year term of supervised release. 21 U.S.C. § 841(b)(1)(A) (2000). Section 2 of the Fair Sentencing Act increased the amount of cocaine base required to trigger a sentencing range of ten years to life from fifty grams to 280 grams. § 2(a)(1), 124 Stat. at 2372; see 21 U.S.C. § 841(b)(1)(A)-(B) (2012). Applying the Fair Sentencing Act retroactively to Defendant, as directed by section 404 of the First Step Act, fifty grams of cocaine base is above twenty-eight grams but less than 280 grams. Defendant now has a statutory sentencing range of five to forty years, with a mandatory four-year term of supervised release. See 21 U.S.C. § 841(b)(1)(B).
*810 Because Defendant was sentenced as a career offender under U.S.S.G. § 4B1.1.[1] His statutory maximum sentence was life and his corresponding career offender base offense level was 37. U.S. Sentencing Guidelines Manual § 4B1.1(b)(1). He received a three-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1, for a final offense level of 34. When combined with his criminal history category of VI, Defendant's Guidelines range at the time of sentencing was 262 to 327 months. The Court sentenced Defendant to 262 months in prison with five years of supervised release to follow.
Now, after retroactively applying § 2(a) of the Fair Sentencing Act, Defendant's statutory maximum sentence for fifty grams of cocaine base is forty years and the corresponding career offender base offense level is 34. U.S.S.G. § 4B1.1(b)(2). His final offense level, after acceptance of responsibility, is now 31, resulting in a Guidelines range of 188 to 235 months.
The First Step Act was passed by Congress, and signed by the President, in an effort to remedy the disproportionately harsh sentences imposed for crack cocaine offenses. Had Defendant been subject to his new Guidelines range at the time of his sentencing, the lower range would have been mandatory. Further, the Court notes that Defendant turned fifty last year, an age at which the Sentencing Commission has found that recidivism rate begins to decline substantially. U.S. Sentencing Comm'n, The Effects of Aging on Recidivism Among Federal Offenders at 22 (2017), https://www.ussc.gov/research/research-reports/effects-aging-recidivism-among-federal-offenders. A sentence of 188 months, the low end of the new Guidelines Range, would entail a sentence reduction of seventy-four months, more than enough to warrant immediate release. The Court is sensitive to the concerns of the Government but ultimately finds that a sentence reduction to reflect Defendant's new Guidelines range is in the interests of justice and furthers the purposes set forth in 18 U.S.C. § 3553(a).
In accordance with section 404 of the First Step Act of 2018, the Court therefore reduces Defendant's sentence as to Count One of the Indictment to time served . The Court further reduces Defendant's term of supervised release as to Count One to four years. All other provisions of the judgment remain unchanged.
IT IS SO ORDERED.

The career offender guideline has not changed between Defendant's sentencing and today in any way that impacts this analysis.